Peter A. Romero, Esq.
Law Office of Peter A. Romero PLLC
825 Veterans Highway-Ste. B
Hauppauge, New York 11788
(631) 257-5588
promero@romerolawny.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
LUIS A. RIOS on behalf of himself and all
other persons similarly situated,

        Plaintiffs,         **COMPLAINT**

   -against-

EAST END MATERIALS, INC. and
JAMES FUNFGELD,
        Defendants.
---------------------------------------------------------------------X

  Plainti∃f, LUIS A. RIOS ("Plaintiff"), on behalf of himself and all other persons similarly

situated, by ar.d through his counsel, the Law Office of Peter A. Romero PLLC, complaining of

the Defendants, EAST END MATERIALS, INC. and (collectively as "Defendants"), alleges as

follows:

## NATURE OF THE CLAIM

  1.  This action is brought on behalf of Plaintiff and a putative class of individuals who

provided labo: for Defendants to recover unpaid overtime wages pursuant to federal and state

statutes, as well as wages and benefits which Plaintiff and members of the putative class were

contractually entitled to receive for work they performed on various Public Works Projects.

  2.  Plaintiff brings this action to recover unpaid premium overtime wages under the

Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law

Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor

Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"), to recover unpaid prevailing wages owed to

Plaintiffs and similarly situated individuals as third-party beneficiaries of contracts entered into between Defendants and public entities, failure to provide accurate wage statements for each pay period under NYLL § 195(3), a wage notice upon their hire under NYLL § 195(1), and for unlawful deductions from their wages under NYLL § 193.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.      In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omission giving rise to the claims occurred within the Eastern District of New York.

### THE PARTIES

6.      Defendant, EAST END MATERIALS, INC., is a domestic business corporation with offices at 31 Old Dock Road, Yaphank, New York 11980.

7.      At all relevant times, EAST END MATERIALS, INC. was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

8.      At all times relevant, Defendant, EAST END MATERIALS, INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York State Labor Law § 190(3).

9.      Defendant, JAMES FUNFGELD, is and/or was an officer or owner of EAST END MATERIALS, INC., had authority to make payroll and personnel decisions for the corporation, was active in the day to day management of the corporation, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law.

10.     Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and New York State Labor Law § 190(2).

## FACTS

11.     Defendant EAST END MATERIALS, INC. entered into contracts with governmental entities to provide construction services upon Public Works Projects.

12.     Under the public works contracts, EAST END MATERIALS, INC. agreed to comply with the requirements of New York Labor Law § 220 and that all employees, including subcontractors' employees, would be paid prevailing wages and supplements.  The Prime Contract was required to include this provision pursuant to the New York Labor Law.

13.     Upon information and belief, the contracts for these public works projects required that EAST END MATERIALS, INC. pay and ensure payment of the prevailing rates of wages and supplements to all workers furnishing labor on the sites of the public work projects.  Upon information and belief, the public works contracts also provided that any subcontracts that EAST END MATERIALS, INC. entered into contain language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects.

14.     As required by law, a schedule containing the prevailing rates of wages and supplemental benefits to be paid to the Plaintiff should have been annexed to and formed as part

of the public works contracts. If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

15. The promise to pay and ensure payment of the prevailing wage and supplemental benefit rate in the public works contracts was made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise and the contracts entered into between Defendants and public entities.

16. Defendants paid Plaintiff less than the prevailing rates of wages and supplements to which Plaintiff and the other members of the putative class were entitled.

17. Plaintiff is a third-party beneficiary of Defendants' promise in the Prime Contract to comply with New York Labor Law § 220 and that all employees would be paid prevailing wages and supplements.

18. Plaintiff and similarly situated individuals have not received wages for all hours worked at the rates required by the public works contracts.

19. As employees of Defendants who were assigned to work on Defendants' publicly financed projects, Plaintiff and the putative members of the collective and class action were intended third-party beneficiaries of Defendants' public works contracts.

20. Defendants failed to pay Plaintiffs and the putative collective and class action members at the appropriate prevailing wage rates for their publicly financed contracts.

21. Throughout his employment with EAST END MATERIALS, INC., Plaintiff regularly worked in excess of 40 hours per week, but Defendants failed to pay Plaintiff at a rate not less than one and one-half times his regular rate of pay for all hours worked after 40 hours per workweek. For example, during the period beginning July 25, 2018 and ending July 31, 2018,

Plaintiff worked at least 59 hours.  Defendants paid Plaintiff for 46 hours at his regular rate of pay and 13 hours at time and one-half.

22.     Plaintiff traveled from Defendants' yard in Suffolk County to job sites located in Queens, Kings and Richmond County.  Defendants compensated Plaintiff for some, but not all, of the hours he worked traveling each week at his regular hourly rate of pay.  Plaintiff worked many travel hours that were not compensated at all.

23.     Defendants failed to pay Plaintiff at all for his last week of work.

24.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the actual hours worked by Plaintiffs daily and weekly.

25.     Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon each Plaintiff's hire as required by New York Labor Law § 195(1).

26.     Defendants failed to provide Plaintiff with accurate statements of his wages earned, including their correct hourly rates of pay and their amount of regular, prevailing wage rate, and overtime hours worked, each pay period as required by New York Labor Law § 195(3).

27.     Defendants treated and paid the Plaintiff and the putative class and collective action members in the same or similar manner.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

28.     At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

29.    Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

30.    Plaintiff seek sto proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C.  § 216(b) on behalf of themselves and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a construction worker at any time during the three (3) years prior to the filing of their respective consent forms.

31.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C.  §  216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C.  §  216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

32.    Plaintiff brings claims on behalf of themselves and a class of persons under Fed. R. Civ. P. Rule 23 consisting of all persons who are currently, or have been, employed by the

Defendants as field technicians and/or manual laborers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

33.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. Rule 23.

34.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as field technicians and/or manual laborers at any time during the six (6) years prior to the filing of this Complaint.

35.     Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

36.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants failed and/or refused to pay the Plaintiffs and Class Members the appropriate prevailing wage rates and supplemental benefit rates for labor they performed on Public Works Projects;

(b)     Whether Defendants failed and/or refused to pay the Plaintiffs and Class Members premium overtime compensation for hours worked in excess of forty hours in a single workweek;

(c)     Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and Class Members;

(d)     whether Defendants failed to furnish the Plaintiffs and Class Members with a notice of wage rate upon their hire;

(e)     whether Defendants failed to furnish the Plaintiffs and Class Members with accurate wage notices for each pay period;

(f)     whether Defendants' general practice of failing and/or refusing to pay Plaintiffs and Class Members overtime pay was done willfully and/or with reckless disregard of the state wage and hour laws;

(g)     whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiffs and Class Members;

(h)     whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

(i)     whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(j)     what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

37.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All of the Class Members were subject to the same corporate practices of Defendants.  Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.  Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

8

38.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

39.     Plaintiffs have retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

40.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.

41.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

42.     The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

43.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class

actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

44.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

45.     Defendants employed Plaintiffs and persons similarly situated to Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

46.     Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

47.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

48.     As a result of Defendants' unlawful acts, Plaintiffs and persons similarly situated to Plaintiffs are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

49.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

50.     Defendants employed Plaintiffs and Class Members for workweeks longer than forty (40) hours and failed to compensate the Plaintiffs and Class Members for hours worked in

excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

51.     By Defendants' failure to pay Plaintiffs and Class Members overtime wages for hours worked in excess of 40 hours per week, Defendants violated the New York Labor Law Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

52.     Defendants' violations of the New York Labor Law as described in this Complaint have been willful and intentional.

53.     Due to Defendants' violations of the New York Labor Law, Plaintiffs and Class Members are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### (BREACH OF CONRACT AS THIRD-PARTY BENEFICIARIES)

54.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

55.     Defendants entered into contracts with one or more third parties to provide services on Public Works Projects for which Plaintiffs and Class Members provided labor.

56.     Defendants agreed as part of such contracts and/or as a matter of law were required by such contracts to pay Plaintiffs and Class Members a "prevailing wage."

57.     Plaintiffs and Class Members were third-party beneficiaries of the contracts entered into by Defendants.

58.     Defendants breached the Public Works contracts in that they failed to pay Plaintiffs and Class Members the prevailing wages for all labor performed on the Public Works Projects and

that Plaintiffs and Class Members did not receive the monies they were due as third-party beneficiaries of the contracts.

59.    Defendants are liable to Plaintiffs and Class Members for damages based upon an accounting of the wages the Plaintiffs and Class Members were paid and the wages they were entitled to be paid as third-party beneficiaries of the contracts.

## FOURTH CLAIM FOR RELIEF
## (VIOLATION OF LABOR LAW SECTION 191)

60.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

61.    Plaintiff's agreed upon wage rate was within the meaning of Labor Law §190, 191.

62.    Plaintiff was entitled to be paid all his weekly wages "not later than seven calendar days after the end of the week in which the wages were earned."

63.    Defendants violated Labor Law §191 by failing to pay Plaintiff all of his wages earned within the week such wages were due.

64.    Plaintiff is entitled to recover from Defendants unpaid wages, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## FIFTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(1))

65.    Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

66.    Defendants failed to provide Plaintiffs and Class Members with a written notice upon hire regarding their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195(1) of the New York Labor Law.

12

67.     Due to Defendants' failure to provide Plaintiffs and Class Members with the notice required by Section 195(1) of the New York Labor Law, Plaintiffs and Class Members are entitled to statutory damages, reasonable attorneys' fees and costs of the action.

**SIXTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(3))**

68.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

69.     Defendants failed to provide Plaintiffs and Class Members with accurate statements of their wages earned, including their correct hourly rates of pay and their amount of regular, prevailing wage rate, and overtime hours worked, each pay period as required by New York Labor Law § 195(3).

70.     Due to Defendants' failure to provide Plaintiffs and Class Members with an accurate wage statement with their wages as required by New York Labor Law § 195(3), Plaintiffs and Class Members are entitled to statutory damages, reasonable attorneys' fees and costs of the action.

**SEVENTH CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**

71.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

72.     Plaintiff performed a significant amount of work for the benefit of Defendants, at Defendants' behest, for which he has not been paid.

73.     Defendants were enriched at Plaintiff's expense and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

## EIGHTH CLAIM FOR RELIEF
## QUANTUM MERUIT

74.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

75.    Plaintiff performed valuable services for Defendants in good faith, at Defendants' behest, which were accepted by Defendants, with the expectation he would be compensated for his work.

76.    Plaintiff is entitled to the recovery the reasonable value of the services he provided to Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Collective Action Plaintiffs and Class Members pray for the following relief:

i.    Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

ii.    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii.    Unpaid wages pursuant to Labor Law § 650 *et seq.*, and Department of Labor Regulations, plus liquidated damages;

iv.    Unpaid prevailing wages and supplemental benefits;

v.    Damages pursuant to Labor Law § 195(1), (3);

vi.    Damages for violation of Labor Law § 193, plus liquidated damages;

vii.    Certification of a class action pursuant to Fed. R. Civ. P. 23;

viii.    Pre- and post-judgment interest as permitted by law;

ix.    All attorneys' fees and costs incurred in prosecuting these claims; and

x.    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
        September 4, 2018

LAW OFFICE OF PETER A. ROMERO PLLC

By:    _____

Peter A. Romero, Esq.
825 Veterans Highway, Suite B
Hauppauge, NY 11788
(631) 257-5588
Promero@RomeroLawNY.com

15

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against East End Materials Inc. to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq.  I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action.  I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

Luis Rios

8/20/18

Date